KARL P. SCHLECHT (Cal. SBN 182294)
Karl.Schlecht@kts-law.com
Eli A. Gordon (Cal. SBN 252823)
Eli.Gordon@kts-law.com
Sage S. Stone (Cal. SBN 304086)
Sage.stone@kts-law.com
**KIMBALL, TIREY & ST. JOHN LLP**
555 S. Flower St., Ste. 3400
Los Angeles, CA 90071
Telephone: (213) 337-0050
Facsimile: (213) 337-0080

Attorneys for Defendants,
WATERTON 100 LBB VENTURE, LLC
WK CK SHERMAN OAKS VENTURE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BERNSTEIN,<br><br>        Plaintiff,<br><br>vs.<br><br>WATERTON 100 LBB VENTURE, LLC;<br>WK CK SHERMAN OAKS VENTURE,<br>LLC; AMC, LLC; and ISAAC<br>MONTEALEGRE,<br><br>        Defendants. | Case No.: 2:17-cv-04497 JFW (SSx)<br><br>Assigned to: Judge John F. Walter<br>Referred to: Magistrate Judge Suzanne<br>H. Segal<br><br>**STIPULATED PROTECTIVE ORDER RE: DEFENDANTS' FINANCIAL RECORDS AND THIRD PARTY RECORDS**<br><br><br><br><br><br>Complaint Filed:  June 16, 2017<br>Trial Date:      March 27, 2017 |

///

///

///

///

## 1.    A.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## B.    GOOD CAUSE STATEMENT

This action is likely to involve the disclosure of sensitive financial, net worth, banking and other information regarding Defendants in this matter which is not public. The Defendants are not public companies and their financial information is not otherwise subject to public disclosure. In addition, this action will likely involve the disclosure of private information regarding past, current and future residents of an apartment building which is the subject of this action. Such information may include social security numbers, telephone numbers, current and past addresses, names of tenants and their children and other personal non-public information. The information listed above is generally unavailable to the public and may furthermore be protected from disclosure under state and or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep

1

confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for an in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designed as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record in this case.

## 2.   **DEFINITIONS**

2.1 <u>Action</u>: this pending federal lawsuit, Bernstein v. Waterton 100 LBB Venture, LLC, Case No. 2:17-cv-04497 JFW (SSx).

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or

3

extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4.   **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.   **DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

4

1   If it comes to a Designating Party's attention that information or items that
2   it designated for protection do not qualify for protection, that Designating Party
3   must promptly notify all other Parties that it is withdrawing the inapplicable
4   designation.

5   5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in
6   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
7   stipulated or ordered, Disclosure or Discovery Material that qualifies for
8   protection under this Order must be clearly so designated before the material is
9   disclosed or produced.

10  Designation in conformity with this Order requires:

11  (a) for information in documentary form (e.g., paper or electronic
12  documents, but excluding transcripts of depositions or other pretrial or trial
13  proceedings), that the Producing Party affix at a minimum, the legend
14  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), <u>to each page</u> that
15  contains protected material. If only a portion or portions of the material on a page
16  qualifies for protection, the Producing Party also must clearly identify the
17  protected portion(s) (e.g., by making appropriate markings in the margins).

18  A Party or Non-Party that makes original documents available for
19  inspection need not designate them for protection until after the inspecting Party
20  has indicated which documents it would like copied and produced. During the
21  inspection and before the designation, all of the material made available for
22  inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has
23  identified the documents it wants copied and produced, the Producing Party must
24  determine which documents, or portions thereof, qualify for protection under this
25  Order. Then, before producing the specified documents, the Producing Party must
26  affix the "CONFIDENTIAL legend" to each page that contains Protected
27  Material. If only a portion or portions of the material on a page qualifies for
28  protection, the Producing Party also must clearly identify the protected portion(s)

5

1    (e.g., by making appropriate markings in the margins).

2        (b) for testimony given in depositions that the Designating Party identify
3    the Disclosure or Discovery Material on the record, before the close of the
4    deposition all protected testimony.

5        (c) for information produced in some form other than documentary and for
6    any other tangible items, that the Producing Party affix in a prominent place on the
7    exterior of the container or containers in which the information is stored the legend
8    "CONFIDENTIAL." If only a portion or portions of the information warrants
9    protection, the Producing Party, to the extent practicable, shall identify the
10   protected portion(s).

11       5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent
12   failure to designate qualified information or items does not, standing alone, waive
13   the Designating Party's right to secure protection under this Order for such
14   material. Upon timely correction of a designation, the Receiving Party must make
15   reasonable efforts to assure that the material is treated in accordance with the
16   provisions of this Order.

17   **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

18       6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a
19   designation of confidentiality at any time that is consistent with the Court's
20   Scheduling Order.

21       6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute
22   resolution process under Local Rule 37.1 et seq.

23       6.3 The burden of persuasion in any such challenge proceeding shall be on
24   the Designating Party. Frivolous challenges, and those made for an improper
25   purpose (e.g., to harass or impose unnecessary expenses and burdens on other
26   parties) may expose the Challenging Party to sanctions. Unless the Designating
27   Party has waived or withdrawn the confidentiality designation, all parties shall
28   continue to afford the material in question the level of protection to which it is

6

1  entitled under the Producing Party's designation until the Court rules on the
2  challenge.

3  **7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

4      7.1 Basic Principles. A Receiving Party may use Protected Material that is
5  disclosed or produced by another Party or by a Non-Party in connection with this
6  Action only for prosecuting, defending, or attempting to settle this Action. Such
7  Protected Material may be disclosed only to the categories of persons and under the
8  conditions described in this Order. When the Action has been terminated, a
9  Receiving Party must comply with the provisions of section 13 below (FINAL
10  DISPOSITION).

11      Protected Material must be stored and maintained by a Receiving Party at a
12  location and in a secure manner that ensures that access is limited to the persons
13  authorized under this Order.

14      7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless
15  otherwise ordered by the court or permitted in writing by the Designating Party, a
16  Receiving Party may disclose any information or item designated
17  "CONFIDENTIAL" only to:

18      (a) the Receiving Party's Outside Counsel of Record in this Action, as well
19  as employees of said Outside Counsel of Record to whom it is reasonably necessary
20  to disclose the information for this Action;

21      (b) the officers, directors, and employees (including House Counsel) of the
22  Receiving Party to whom disclosure is reasonably necessary for this Action;

23      (c) Experts (as defined in this Order) of the Receiving Party to whom
24  disclosure is reasonably necessary for this Action and who have signed the
25  "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

26      (d) the court and its personnel;

27      (e) court reporters and their staff;

28

7

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as **Exhibit A** hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

8

1    (c) cooperate with respect to all reasonable procedures sought to be pursued

2    by the Designating Party whose Protected Material may be affected.

3    If the Designating Party timely seeks a protective order, the Party served with the

4    subpoena or court order shall not produce any information designated in this action

5    as "CONFIDENTIAL" before a determination by the court from which the

6    subpoena or order issued, unless the Party has obtained the Designating Party's

7    permission. The Designating Party shall bear the burden and expense of seeking

8    protection in that court of its confidential material and nothing in these provisions

9    should be construed as authorizing or encouraging a Receiving Party in this Action

10   to disobey a lawful directive from another court.

11   **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

12   **PRODUCED IN THIS LITIGATION**

13   (a) The terms of this Order are applicable to information produced by a Non-

14   Party in this Action and designated as "CONFIDENTIAL." Such information

15   produced by Non-Parties in connection with this litigation is protected by the

16   remedies and relief provided by this Order. Nothing in these provisions should be

17   construed as prohibiting a Non-Party from seeking additional protections.

18   (b) In the event that a Party is required, by a valid discovery request, to

19   produce a Non-Party's confidential information in its possession, and the Party is

20   subject to an agreement with the Non-Party not to produce the Non-Party's

21   confidential information, then the Party shall:

22   (1) promptly notify in writing the Requesting Party and the Non-Party that

23   some or all of the information requested is subject to a confidentiality agreement

24   with a Non-Party;

25   (2) promptly provide the Non-Party with a copy of the Stipulated Protective

26   Order in this Action, the relevant discovery request(s), and a reasonably specific

27   description of the information requested; and

28

9

1   (3) make the information requested available for inspection by the Non-

2   Party, if requested.

3   (c) If the Non-Party fails to seek a protective order from this court within 14

4   days of receiving the notice and accompanying information, the Receiving Party

5   may produce the Non-Party's confidential information responsive to the discovery

6   request. If the Non-Party timely seeks a protective order, the Receiving Party shall

7   not produce any information in its possession or control that is subject to the

8   confidentiality agreement with the Non-Party before a determination by the court.

9   Absent a court order to the contrary, the Non-Party shall bear the burden and

10  expense of seeking protection in this court of its Protected Material.

11  **10.   UNAUTHORIZED DISCLOSURE OF PROTECTED**

12  **MATERIAL**

13  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

14  Protected Material to any person or in any circumstance not authorized under this

15  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

16  writing the Designating Party of the unauthorized disclosures, (b) use its best

17  efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

18  person or persons to whom unauthorized disclosures were made of all the terms of

19  this Order, and (d) request such person or persons to execute the "Acknowledgment

20  and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

21  **11.   INADVERTENT PRODUCTION OF PRIVILEGED OR**

22  **OTHERWISE PROTECTED MATERIAL**

23  When a Producing Party gives notice to Receiving Parties that certain

24  inadvertently produced material is subject to a claim of privilege or other

25  protection, the obligations of the Receiving Parties are those set forth in Federal

26  Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

27  whatever procedure may be established in an e-discovery order that provides for

28  production without prior privilege review. Pursuant to Federal Rule of Evidence

10

1  502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

2  of a communication or information covered by the attorney-client privilege or work

3  product protection, the parties may incorporate their agreement in the stipulated

4  protective order submitted to the court.

5  **12.    MISCELLANEOUS**

6      12.1 Right to Further Relief. Nothing in this Order abridges the right of any

7  person to seek its modification by the Court in the future.

8      12.2 Right to Assert Other Objections. By stipulating to the entry of this

9  Protective Order no Party waives any right it otherwise would have to object to

10 disclosing or producing any information or item on any ground not addressed in

11 this Stipulated Protective Order. Similarly, no Party waives any right to object on

12 any ground to use in evidence of any of the material covered by this Protective

13 Order.

14     12.3 Filing Protected Material. A Party that seeks to file under seal any

15 Protected Material must comply with Civil Local Rule 79-5. Protected Material

16 may only be filed under seal pursuant to a court order authorizing the sealing of

17 the specific Protected Material at issue. If a Party's request to file Protected

18 Material under seal is denied by the court, then the Receiving Party may file the

19 information in the public record unless otherwise instructed by the court.

20 **13.    FINAL DISPOSITION**

21     After the final disposition of this Action, as defined in paragraph 4, within

22 30 days of a written request by the Designating Party, each Receiving Party must

23 return all Protected Material to the Producing Party or destroy such material. As

24 used in this subdivision, "all Protected Material" includes all copies, abstracts,

25 compilations, summaries, and any other format reproducing or capturing any of

26 the Protected Material. Whether the Protected Material is returned or destroyed,

27 upon demand by the Producing Party within one year after disposition of the

28 Action, the Receiving Party must submit a written certification to the Producing

11

**STIPULATED PROTECTIVE ORDER RE: FINANCIAL AND THIRD PARTY RECORDS**

Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**


DATED: December 8, 2017          **CAMPBELL & FARAHANI, LLP**


                                By: /s/ JoAnne E. Belisle
                                    JoAnne E. Belisle
                                    Attorneys for Plaintiff


DATED: December 8, 2017          **KIMBALL, TIREY & ST. JOHN LLP**


IT IS SO ORDERED.                By: /s/ Eli A. Gordon
                                    Eli A. Gordon
DATED: 12-14-17                     Attorneys for Defendants


UNITED STATES MAGISTRATE JUDGE

12

1

## SIGNATURE CERTIFICATION

2

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and

3

Procedures Manual, I hereby certify that the content of this document is acceptable to JoAnne E.

4

Belisle, counsel for Plaintiffs, and that I have obtained her authorization to affix her electronic

5

signature to this document.

6

7

DATED: December 8, 2017                    **Kimball, Tirey & St. John LLP**

8

9                                          By: /s/ Eli A. Gordon
                                           Eli A. Gordon
10                                         Attorneys for Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

**STIPULATED PROTECTIVE ORDER RE: FINANCIAL AND THIRD PARTY RECORDS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT "A"

### Acknowledgment And

### Agreement to be Bound by Protective Order

The undersigned acknowledges that he/she has read the protective order attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned understands that the terms of the protective order obligate him/her to use documents designated CONFIDENTIAL in accordance with said order, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the protective order may result in penalties for contempt of court.

Date:_____

_____
Printed Name

_____
Signature

14

**PROOF OF SERVICE BY MAIL**

I, Cindy Price, declare:

    I am, and was at the time of service of the papers herein referred to, over the age of eighteen (18) years, and not a party to the within action. I am employed in the County of Orange, California, in which county the within-mentioned mailing occurred. My business address is 2040 Main Street, Suite 500, Irvine, CA 92614.

On December 8, 2017, I served the following document(s):

**STIPULATED PROTECTIVE ORDER RE: DEFENDANTS' FINANCIAL RECORDS AND THIRD PARTY RECORDS**

on the following parties:

Francis M. Campbell
Nima Farahani
JoAnne Belisle
**CAMPBELL & FARAHANI, LLP**
15233 Ventura Boulevard, Suite 408
Sherman Oaks, California 91403
Email: fcampbell@campbellfarahani.com
Email: nfarahani@campbellfarahani.com
Email: jbeliste@campbellfarahani.com

*Attorney for Plaintiffs*

**XX**    **(ELECTRONICALLY)** I caused this document(s) to be electronically filed with the court and a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the Federal Rules of Civil for all attorneys who have consented to electronic service. Attorneys not registered for the CM/ECF system or who did not consent to electronic service must be served as otherwise provided by the Federal Rules.

    **(BY OVERNIGHT MAIL)** I placed a true and correct copy of the document(s) in a sealed envelope addressed as follows and I caused the envelope to be deposited with GSO at Irvine, California.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 8, 2017, at Irvine, California.

/s/ Cindy Price
Cindy Price

**PROOF OF SERVICE**